**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**HUGH LYNCH**,

                   **Plaintiff,**

     **-vs-**

**SHEET METAL WORKERS'**
**NATIONAL PENSION FUND**

              **Defendant.**
_____

**No. 08-CV-0542HKS**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including entry of final judgment.  Dkt. # 17.


By a Decision and Order filed on December 20, 2010, this Court granted defendant's motion for summary judgment and the Clerk of Court was directed to close this case.  Dkt. #33.  Specifically, this Court concluded that the defendant's decision to suspend the plaintiff's benefits was reasonable, supported by substantial record evidence, and accordingly, not arbitrary or capricious.  _Id_. at p.14.  Presently pending before this Court is plaintiff's motion for an Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or alternatively, Rule 60(b) of the Federal Rules of Civil Procedure, amending and setting aside its prior Decision and Order.  Dkt. #35.  As discussed below, because plaintiff cannot demonstrate that he is entitled to the relief requested, his motion pursuant to Rule 59(e) or alternatively, Rule 60(b) is denied.

## **FACTS**

For a complete recitation of the facts concerning the Fund, plaintiff's pension application, the suspension of plaintiff's pension benefits, plaintiff's *pro se* appeal, request for reconsideration and related correspondence, reference is made to this Court's December 20, 2010 Decision and Order granting defendant's motion for summary judgment.  Dkt. #33.

This action arose from an allegedly wrongful suspension of Early Retirement Pension benefits under a union employee benefits plan subject to the requirements of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.  The defendant, Sheet Metal Workers' National Pension Fund ("the Fund"), suspended plaintiff's Early Retirement Pension benefits when the Fund determined that the plaintiff was working in Disqualifying Employment, in violation of Plan regulations, after he retired on an Early Retirement Pension.  After receiving the September 18, 2007 letter notifying him of the suspension of his benefits, as well as advising him of the 180 day period within which he could appeal the determination, plaintiff submitted information to the Fund concerning his post retirement employment. Dkt. #39, p.2.  Thereafter, on October 16, 2007, plaintiff received a letter from the Fund affirming the suspension of his benefits.  *Id*.  On October 22, 2007, plaintiff, proceeding *pro se*, filed an appeal of that determination.  *Id*.  By letter dated December 19, 2007, the Fund denied plaintiff's *pro se* appeal.  *Id*. at p.3.

Following the denial of his *pro se* appeal, plaintiff sought the assistance of an attorney and by letter dated January 22, 2008, Colleen Wood, Esq., an associate with the firm Creighton, Pearce, Johnsen & Giroux, requested that the Fund reconsider the appeal. *Id*. In her January 22, 2008 letter, Ms. Wood advised the Fund that there was a fellow Fund retiree working in substantially the same position as plaintiff, whose pension benefits were not suspended. *Id*. In its response, the Fund stated that while "the earlier decision continues to be considered final," plaintiff could submit additional information to be presented to the Fund's Committee "to determine if they will allow the matter to be reconsidered." *Id*. By letter dated February 28, 2008, plaintiff's counsel submitted further information, including, identifying by name the fellow retiree engaged in the same type of employment and whose benefits had not been suspended. *Id*. Thereafter, by letter dated April 8, 2008, counsel for the Fund advised that the "Committee has determined that there is no basis for granting a rehearing of its original decision to suspend Hugh Lynch's benefits." *Id*. Ms. Wood left her position with Creighton, Pearce, Johnsen & Giroux in April 2008 and E. Joseph Giroux, Jr., Esq. assumed the responsibility of representing plaintiff in this matter. Dkt. #35-1, ¶ 4.

In support of the instant motion to set aside the judgment, plaintiff contends that the correspondence of his counsel to the Fund, specifically, Ms. Wood's January 22, 2008 and February 28, 2008 letters, concerning the "treatment of retirees in like circumstances with respect to post-retirement employment" were part of the administrative appeal process. *Id*. at pp.3-4. Plaintiff acknowledges that the January

22, 2008 and February 28, 2008 letters from his counsel were sent after the Fund's denial of plaintiff's *pro se* appeal.  *Id*. at p.4.  However, plaintiff asserts that the letters were within the Plan's 180 day time period for an appeal.  *Id*.  Notwithstanding the foregoing, there is no dispute that the two letters were not part of the actual administrative record.  As noted above, the Court, in its prior Decision and Order granting summary judgment in favor of the defendant, concluded that plaintiff's assertion that the Fund did not apply its discretionary authority in a uniform manner was extrinsic evidence and not part of the administrative record and therefore, not considered by the Court.  Dkt. #33, pp.13-14.  In addition, the Court noted that even if Second Circuit precedent would permit the Court's consideration of evidence outside of the administrative record, "[the evidence] is based solely on unidentified hearsay and would be inadmissible on its merits."  *Id*. at p.14, n.1.  Notably, by the instant motion plaintiff does not argue that there was evidence in the administrative record that this Court overlooked, nor does plaintiff establish any applicable ground for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  In fact, plaintiff's only argument in support of the relief requested is that regardless of whether the letters were formally made part of the administrative record, plaintiff's claim was presented to the Fund and the Fund's failure to address his claim was arbitrary and capricious.

## DISCUSSION AND ANALYSIS

Rule 59 of the Federal Rules of Civil Procedure provides for grounds upon which a party may move for a new trial or to alter or amend a judgment.  The standard for granting a Rule 59 "motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp. Inc*., 70 F.3d 255, 257 (2d Cir. 1995).  The Second Circuit has further held, a party may not seek to "solely relitigate an issue already decided."  *Id*.

Federal Rule of Civil Procedure Rule 60(b) provides in relevant part, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)  . . . (4) the judgment is void; . . . and (6) any other reason justifying relief from the operation of the judgment."  Rule 60(b) is not to be used as a substitute for an appeal. *Diamond v. Pataki*, No. 03 CIV. 4642 (SHS), 2004 WL 1924755, at *8 (S.D.N.Y. Aug. 27, 2004).

The instant motion is nothing more than an effort by plaintiff to re-litigate those issues already decided by this Court.  More specifically, plaintiff is attempting to

correct/expand the administrative record to include the January 22, 2008 and February 28, 2008 letters from plaintiff's counsel to the Fund which sought to persuade the Fund to reconsider its denial of plaintiff's *pro se* appeal.  In the alternative, plaintiff is attempting to use Rule 60(b) of the Federal Rules of Civil Procedure as a substitute for an appeal.  Although it remains unclear whether those two letters should have been made a part of the administrative record and if so, why they were not, there is no dispute that in opposition to defendant's motion for summary judgment, counsel for plaintiff failed to make a motion to expand, correct or clarify the administrative record. The instant motion states that at the time Mr. Giroux assumed the responsibility of the representation of plaintiff upon Ms. Wood's departure from the firm, neither of Ms. Wood's letters were in the file nor were the letters supplied by the Fund as part of the administrative record.  Dkt. #39, p.5.  In fact, Mr. Giroux further states that he obtained copies of Ms. Wood's January 22, 2008 and February 28, 2008 letters directly from plaintiff.  Thus, it would appear to this Court that the attorney responsible for submitting the opposition to defendant's motion for summary judgment was unaware of the existence of the two letters from Ms. Wood to the Fund dated January 22, 2008 and February 28, 2008 and therefore, was equally unaware that there may have been a basis to argue that the administrative record may have been incomplete.

While plaintiff concedes that Ms. Wood's letters were not part of the administrative record, plaintiff nevertheless maintains that the Fund had before it plaintiff's claim that the Fund had applied a different interpretation of disqualifying employment in the case of a fellow retiree.  Plaintiff now claims that the Fund's failure to

address his claim first raised in his request that the Fund reconsider the denial of his appeal and its decision to simply deny a rehearing of its original decision was an abuse of discretion and arbitrary and capricious.  Dkt. #39, pp.4-5.  As this Court previously concluded, that evidence was not part of the administrative record and therefore, not considered by the Court in opposition to defendant's motion for summary judgment. Plaintiff does not, because he cannot, assert pursuant to Rule 59 that this Court overlooked controlling decisions or data that might reasonably be expected to alter the conclusion reached by the Court.

Equally unavailing is the suggestion that plaintiff's attorney's relatively recent discovery of Ms. Wood's letters constitutes "new evidence" pursuant to Rule 60(b).  To the contrary, the fact that plaintiff's attorney may have been unaware of Ms. Wood's January 22, 2008 and February 28, 2008 letters to the Fund seeking reconsideration of the denial of plaintiff's *pro se* appeal prior to filing plaintiff's opposition to defendant's motion for summary judgment does not therefore, mean that the two letters are "new evidence" for purposes of Rule 60(b) of the Federal Rules of Civil Procedure.  Moreover, plaintiff's motion to set aside the judgment does nothing more than reiterate all of the facts and arguments that were before this Court on defendant's motion for summary judgment.  As noted above, the motion herein to set aside the judgment pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, is nothing more than an effort by plaintiff to either re-litigate the issues already decided by this Court or to serve as a substitute for an appeal.

-7-

<u>**CONCLUSION**</u>

For the foregoing reasons, plaintiff's motion (Dkt. #35) to set aside the judgment is denied.

**SO ORDERED.**

DATED:      Buffalo, New York
            September 26, 2011

*s/ H. Kenneth Schroeder, Jr.*
**HON. H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**